Appeal of CATHERINE ERSWELL. Docket No. 464.

Submitted May 1, 1925; decided May 26, 1925.

*William S. Pritchard, Esq.*, for the taxpayer.
*M. N. Fisher, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1921 in the amount of $1,941.10.

#### FINDINGS OF FACT.

The taxpayer is a resident of Birmingham, Alabama, and is the widow of Edward E. Erswell, who died January 28, 1910.

Edward E. Erswell, at his death, left a will wherein he gave, devised, and bequeathed to his wife, the taxpayer in this appeal, all his property, real, personal, and mixed, of every kind whatsoever and wheresoever situate, to have and to hold the same during her lifetime, with sole power and authority to change the form and convey and dispose of such property during her lifetime as the interests of the said estate might demand and she might desire.

The said Edward E. Erswell further provided that the remainder of his estate, after the life interest above provided for his wife, should pass to his two grandchildren, Aliene and Katherine Kirkman.

Thereafter, and under date of September 22, 1921, Catherine Erswell, Katherine Kirkman, and Aliene Kirkman transferred their interests in certain real property passing under the said will for a consideration of $170,000.

Theretofore, and at the spring term of the Chancery Court of Jefferson County, Alabama, in the year 1913, the aforesaid will of Edward E. Erswell was construed by the court, and it was there held that the widow, Catherine Erswell, took an estate for her life in the entire estate, real, personal, and mixed, and that the limitations over in the will were subject to be defeated either by the creditors of Catherine Erswell or by her conveyance of the estate during her lifetime under the power given to her in the will. It was further held in that proceeding that " the rents, issues, income, and profits of the said estate belong to her and to her estate during her life."

The Commissioner and the taxpayer are agreed that the value at March 1, 1913, of the said real estate so sold was $148,750, and that the net proceeds received by the taxpayer from the sale of that property were $162,942.50. The taxpayer contends that, since she was the recipient of only a life interest in her husband's property, she can not be taxed on a profit realized by her from the sale of that property.

#### DECISION.

The determination of the Commissioner is approved. It appears that the will here in question has been judicially construed; that the taxpayer is entitled to the profits realized during her lifetime from the estate bequeathed to her, and that the heirs who take the remainder take no portion of such profits.